UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAUTHA V. ANDERSON, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17-CV-2659 AGF |
| CHANTAY GODERT, et al., | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Lautha V. Anderson, Sr.'s motion for leave to file an amended claim, which the Court will construe as a motion for leave to file a second amended complaint.[1] To avoid confusion in the record, the Court will deny plaintiff's motion.

The Court is unsure whether plaintiff seeks to amend his complaint by interlineation, or whether he seeks to file his motion to amend as a stand-alone second amended complaint. The Court will address both scenarios.

Plaintiff's motion is titled as a "Motion for Leave to File an Amended Claim," and seeks to "file an amended claim in the above styled civil action to now include the following information and facts: . . . ." To the extent plaintiff seeks to amend by interlineation (*i.e.*, by adding language to the pending complaint), the motion will be denied. The Court does not accept amendments by interlineation, because it creates confusion in the record, especially for the responding party.

---

[1] The Court will construe plaintiff's motion for leave to file an amended claim as a motion for leave to file a second amended complaint. On October 30, 2017, plaintiff filed his original complaint. On December 11, 2017, plaintiff filed an amended complaint. Plaintiff is seeking, therefore, to file a second amended complaint.

To the extent plaintiff seeks to file his motion to amend as a stand-alone second amended complaint, the motion also will be denied. Despite plaintiff's language stating that he seeks to "include the following information and facts," plaintiff's amended claim appears to be drafted as a stand-alone second amended complaint. If the Court were to construe plaintiff's motion as a second amended complaint, however, it would strike the document as defective because it has not been drafted on a Court-provided form, it is unsigned, and it does not contain a complete case caption listing all the defendants. *See* E.D. Mo. Local Rule 2.06(A) ("the Court . . . may order the pro se plaintiff . . . to file the action on a Court-provided form"); Fed. R. Civ. P. 11 ("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented.").

In the future, if plaintiff seeks leave to file a second amended complaint, he shall file a motion for leave to file a second amended complaint and submit (as an attachment to the motion) the proposed second amended complaint. *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). The proposed second amended complaint needs to be drafted on a Court-provided form, needs to be signed by plaintiff, and must contain a complete caption. Additionally, all claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

The Court will address the current amended complaint, filed on December 11, 2017, by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended claim, which the Court construes as a motion for leave to file a second amended complaint, is **DENIED**. [ECF No. 9]

Dated this 19th day of April, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE