# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:17-CV-2659 AGF |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed without payment of the required filing fee in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $15.82, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the amended complaint, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Amended Complaint**

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this § 1983 action against five individual officials at NECC and the Missouri Department of Corrections ("MDOC") alleging constitutional violations arising out of his transfer from NECC's segregation unit to the general population. Plaintiff brings the claims against the individual defendants in both their official and individual capacities.

On November 18, 2016, plaintiff states he was under investigation for two charges of conspiracy to introduce narcotics into a correctional center. Because of this investigation, plaintiff had been assigned to the administrative segregation unit at NECC. He states his life was in danger in the general population because a rumor had spread among the inmates, specifically the Family Value gang at NECC, that plaintiff was snitching to try to get out of his two conspiracy charges.

Plaintiff states that on November 18, defendant Sergeant Rubino told plaintiff that he had been ordered to be removed from NECC's segregation unit and placed back into the general population. Plaintiff attaches to his amended complaint the classification hearing form dated November 18, 2016, which recommended assigning plaintiff to the general population. The committee members of the hearing, each of whom signed the recommendation, were the

following defendants: Robert Henderson (Committee Chair); Taylor Preston (Committee Member); Jeremy Hansen (Committee Member); and Chantay Godert (Superintendent).

Sergeant Rubino told plaintiff that if he refused to go to the general population, physical force would be used against him and he would incur another conduct violation. Plaintiff explained to Rubino that she was making a mistake and deliberately placing plaintiff in a life threatening situation. Plaintiff states he had not waived his right to protective custody, nor had he participated in the classification hearing.

On November 20, 2016, two days after he was forced back into the general population, an inmate associated with the Family Value gang approached plaintiff, accusing him of snitching. As plaintiff walked to dinner, this inmate slit plaintiff's throat. According to plaintiff,

> I . . . ran back to my assigned housing unit and cell, and I looked at my neck sliced open and paining and I became even more terrified and afraid. I had never been afraid as I was then, because there was prison staff involved which made me not report the incident because I was in fear of my life and I did not know if I could trust any staff member because they were the ones who had put the rumor out that I was a snitch. So, I stayed in my cell, scared to death, anxiously waiting for them to call lock down for the night, and I tried to stop the bleeding. However, I was in great pain and my neck would not stop bleeding and so at 4:00 a.m., the next morning I alerted the prison staff about the whole situation. I then went to the prison's medical unit, wherein my neck injury was treated . . . . Thereafter, I was taken back to the prison's segregation unit, wherein a Corrections Officer #3 (Lieutenant) took pictures of my neck injury.

On November 28, 2016, plaintiff was placed back in the segregation unit. The MDOC form approving his transfer back to segregation states plaintiff was "released from housing unit 1 in error per FUM Roxanne Gaston."

For damages, plaintiff seeks $100,000 in actual damages and $100,000 in punitive damages.

**Discussion**

The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See id.* at 836-38, 844. Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Plaintiff alleges defendants knew that he faced a substantial risk of serious harm in the general population and they failed to take reasonable steps to protect him. Defendants Robert Henderson, Taylor Preston, Jeremy Hansen, and Chantay Godert signed plaintiff's classification hearing form approving plaintiff's placement in the general population. Defendant Sergeant Rubino was the official who carried out the transfer, despite plaintiff's protestations that his life would be in danger. Two days after his placement back in the general population, a member of the Family Value gang slit plaintiff's throat, requiring medical attention. Carefully reviewing and liberally construing plaintiff's amended complaint, the Court finds plaintiff's claim of failure to protect against defendants Chantay Godert, Robert Henderson, Taylor Preston, Sergeant Rubino, and Jeremy Hanson survives initial review under 28 U.S.C. § 1915(e).

The Court will dismiss, however, defendant MDOC for failure to state a claim. MDOC is an agency of the State of Missouri and not a "person" subject to suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). As a result, the amended complaint will be dismissed as to the MDOC under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court will dismiss plaintiff's claims against the individual defendants brought in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's official capacity claims fail to state a claim upon which relief can be granted, and these claims will be dismissed.

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $15.82 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Chantay Godert, Robert Henderson, Taylor Preston, Sergeant Rubino, and Jeremy Hansen in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Missouri Department of Corrections are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Chantay Godert, Robert Henderson, Taylor Preston, Sergeant Rubino, and Jeremy Hansen in their official capacities are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 4]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE