UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:17-cv-02659-AGF |
| ) | |
| CHANTAY GODERT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion (ECF No. 28) to compel the pro se Plaintiff's initial disclosures, pursuant to Federal Rule of Civil Procedure 26 and the Case Management Order ("CMO") (ECF No. 20),[1] as well as responses to Defendants' first set of interrogatories and first requests for production of documents, which are now overdue. Defendants assert that they sent Plaintiff a "golden rule" letter on February 13, 2019, requesting responses to the discovery requests. Defendants further assert that, on February 20, 2019, Plaintiff left defense counsel a voicemail stating that he was unable to comply with the discovery deadlines because he had been transferred to a new facility, had been placed in administrative segregation, and had misplaced some of his property, including materials pertinent to this case. *See* ECF No. 29 at 2.

On February 25, 2019, having heard nothing further from Plaintiff, Defendants filed the instant motion, asking that the Court order Plaintiff to fully respond to Defendants' discovery requests within 10 days. Plaintiff has not responded to Defendants' motion, and the time to do so has passed.

---

[1] The Court previously granted Plaintiff's motion for extension of time to comply with the CMO's deadline for initial disclosures, and the Court extended that deadline by 45 days, up to and including December 17, 2018. ECF No. 24.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Therefore, the Court will grant Defendants' motion in part. However, in light of the suggestion that Plaintiff was placed in administrative segregation as of February 20, 2019, and without any further information as to the duration of that placement and/or the ability of Plaintiff to access relevant materials in the meantime, the Court will grant Plaintiff 30 days from the date of this Memorandum and Order, to comply with Defendants' request, or to show cause in writing why he needs more time to comply.

As set forth in the CMO, Plaintiff's failure to comply with this Order may result in the imposition of sanctions, including dismissal or any other sanction that the Court deems just. *See* ECF No. 20 at 2.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel is **GRANTED in part**. ECF No. 28. Plaintiff shall have until **April 12, 2019**, to comply with the deadlines set forth in paragraph 3 (A) and (B) of the Case Management Order and to respond to Defendants' first set of interrogatories and requests for production, or to show cause in writing why he needs more time to comply. Failure to comply with this Order may result in the imposition of sanctions, including dismissal of this case.

                                          _____
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2019.