UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2659AGF |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

On the parties' Joint Motion for a Protective Order, the Court finds and rules as follows:

1. Documents or information disclosed or produced by the parties in this lawsuit may include documents or information relating to institutional security of the Missouri Department of Corrections. These documents and the information therein are considered by Defendants as closed records under Missouri Law.§ 217.075 RSMo. Further, documents or information may be disclosed or produced by parties concerning highly personal, health, or confidential documents or information of the parties or other individuals or entities involved in this lawsuit.

2. To protect the sensitive nature of the information contained in these documents or any other documents or tangible items, as well as any

**EXHIBIT A**

such information disclosed during the course of the depositions, the parties, and their attorneys, agree that such documents, items and information shall be kept confidential and not disclosed to anyone other than employees of the Missouri Department of Corrections, attorneys representing the parties in this case, or such support staff and persons or entities employed to assist the attorneys representing the parties in the case. Attorney for Plaintiff agrees that he, or anyone working on their behalf, will not allow his client, Lautha V. Anderson Sr., or any other individual incarcerated by the Missouri Department of Corrections, to possess, review, examine, or otherwise view the information previously described.

3. Furthermore, to protect the sensitive nature of the information contained in these documents or any other documents or tangible items, as well as any such information disclosed during the course of depositions, Counsel for any party to this litigation may initially designate as "Confidential" hereunder any Discovery Materials if counsel reasonably believes, in good faith, that the materials implicate Plaintiff's or other individuals' highly personal, health, or confidential documents or information, or Defendant's institutional security interests or privacy concerns. Any party designating material as "Confidential" hereunder

represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

4. In designating material as "Confidential," the party so designating it shall identify the protected material with specificity in writing or on the record during a deposition or other legal proceeding. Any party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected and subject to the conditions set forth in this Order.

5. Confidential material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

A. Without prejudice to Paragraph 2 of this Order, confidential material may be used only for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form other than to:

i. counsel for Plaintiff, including counsel's agents and persons or

entities consulted to assist counsel for Plaintiff in the prosecution of this action, outside consultants and experts retained by Plaintiff to assist his counsel for purposes of this litigation, to the extent necessary for such consultants or experts to prepare a written opinion, prepare to testify, or to otherwise assist counsel for Plaintiff in the prosecution of this action, provided that such use is solely in connection with this action and not for any other purpose;

ii. any person agreed upon in writing by all counsel in this lawsuit;

iii. court employees, court reporters, and persons preparing transcripts of depositions; and

iv. witnesses in the course of deposition where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery purposes.

B. It shall be the responsibility of counsel to bring this Order to the attention of all persons within their respective firms and all agents, persons or entities consulted to whom they disclose protected material, and to request that all such persons comply with the terms of this Order. Except for counsel of record in this action and its employees and those persons described in paragraph 5(a)(iii), any person to whom Confidential material is disclosed shall, prior to or contemporaneously with receiving such material, be furnished with a copy of this Protective Order.

C. In the event that any material designated under this Protective

Order as Confidential is used, described, characterized, excerpted or referenced in, or attached to, any document filed in this litigation:

    i. it shall not lose its confidential status through such use; and

    ii. the parties shall agree upon a means of filing that prevents the public disclosure of material designated as Confidential. For instance, the parties may agree to redact Confidential information from public filings, or may agree to file pleadings or Confidential material under seal. Parties may file documents under seal with the Clerk of Court without seeking leave of court. The parties shall cooperate in good faith in an effort to ensure that only those portions of filings with the Court designated as Confidential shall be redacted or filed under seal.

D. All copies made of any material that is subject to this Order shall be clearly labeled on each page as containing "Confidential" material and shall be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals) subject to counsel's ethical obligations to maintain the client file. All materials designated "Confidential" shall be so marked prior to the exchange of those materials between the parties. Where it is not possible to affix a stamp or mark indicating that the material is "Confidential," counsel for Defendants shall take reasonable steps to give counsel for Plaintiffs notice of the materials' status as

"Confidential." Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this Order.

E. Deposition testimony may be designated as "Confidential" before the testimony is transcribed by so stating on the record at the deposition or by providing written notice to all counsel, the court reporter, and all attendees at the deposition prior to the taking of the testimony. If deposition testimony is so designated prior to transcription, the transcript of the designated testimony shall be bound in a separate volume from any testimony that has not been so designated and marked "Confidential" by the reporter and shall not be made part of the public record. Regardless of designation made prior to transcription, each deposition transcript in its entirety shall be treated as "Confidential" until ten days after the receipt of the transcript by counsel for Defendants. Until ten days after Defendants' counsel's receipt of the transcript, Defendants may designate testimony as "Confidential" by giving written notice to Plaintiffs' counsel.

F. If any counsel finds it necessary to refer to Confidential material in any oral proceeding, any party may move to seal that portion of the record.

6. Counsel shall as promptly as practicable report any breach of the provisions of this Order to the Court and counsel for the party whose protected material was divulged or compromised subject to counsel's ethical obligations to her client. Upon discovery of any breach, counsel shall as promptly as practicable take reasonable action to cure the violation and retrieve any Confidential material that may have been disclosed to persons not covered by this Order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court.

7. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

8. The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are designated pursuant to this Order, and nothing contained herein shall be construed as precluding Plaintiffs or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the Defendants' anonymity, privacy, and/or security concerns.

9. Any designation of material as Confidential or otherwise restricted under this Protective Order may be terminated at any time by a letter from

counsel for the designating party or by an order of the Court.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

11. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

IT IS SO ORDERED.

_____
Judge
1/29/2020