# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-2659 AGF |
| CHANTAY GODERT, et al., | ) |
| Defendants. | ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION TO PERMIT PLAINTIFF LAUTHA V. ANDERSON, SR.
## TO APPEAR IN COURT AT TRIAL
## WITHOUT SHACKLES OR OTHER RESTRAINTS AND IN CIVILIAN CLOTHES

The Plaintiff, Lautha V. Anderson, Sr. ("Plaintiff"), by and through his attorney, and submits his Memorandum in Support of his Motion to Permit Plaintiff to Appear in Court at Trial Without Shackles or Other Restraints and in Civilian Clothes:

This case is set for trial on November 16, 2020 on Plaintiff's claims of civil rights' violations that occurred while Plaintiff was a prisoner in the custody of the Missouri Department of Corrections. At the time of the trial in this matter, Plaintiff will still be in the custody of the Missouri Department of Corrections. During Mr. Anderson's case, he has not attempted to cause harm to anyone and has participated in this action without incident and without exhibiting any violent or disruptive behavior, or threatening behavior. During Plaintiff's incarceration, Mr. Anderson has not attempted to flee or escape the custody of the Missouri Department of Corrections. Plaintiff respectfully requests that he be permitted to appear at his trial without shackles or other restraints and in civilian clothes.

"There is a constitutional right to a fair trial in a civil case." *See* Lemons v. Skidmore, 985 F.2d 354, 357 (7th Cir. 1993) (*citing* Chicago Council of Lawyers v. Bauer, 522 F.2d 242, 248

(7th Cir. 1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3201, 49 L.Ed.2d 1204 (1976); *see also* Bailey v. Systems Innovation, Inc., 852 F.2d 93, 98 (3d Cir. 1988)("fairness in a jury trial, whether criminal or civil in nature, is a vital constitutional right.")).

The Eighth Circuit has ruled that civil prisoner plaintiffs should not have to appear in court in shackles and with prison garments unless the inmate poses a high risk. *See* Holloway v. Alexander, 957 F.2d 529 (8th Cir. 1992). The Court in *Holloway* expressed the following:

> "Although we hold the use of shackles did not rise to the level of reversible error in Holloway's case, we do not hold the use of shackles could never amount to reversible error in a prisoner civil rights action. This court does not endorse a general policy of parading inmate civil plaintiffs or their witnesses before the jury in shackles. In these cases, the district court has a responsibility to ensure reasonable efforts are made to permit the inmate and the inmate's witnesses to appear without shackles during proceedings before the jury."

Holloway, 957 F.2d at 530.

Somewhat more recently, the Honorable Judge Ortrie D. Smith sitting in the Western District of Missouri faced the identical issue presented to this Court in Plaintiff's instant motion. *See* Ward v. Smith, No. 10-3398-CV-S-ODS, 2015 WL 1499053 (W.D. Mo. Apr. 1, 2015).

In *Ward*, Judge Smith held:

> "The Court acknowledges Defendants' concern regarding Plaintiff's previous prison escape attempts. However, U.S. Marshals and Missouri Department of Corrections officers will be present at the trial and are more than able to handle all security related issues.
> Accordingly, Plaintiff's Motions in Limine seeking leave to permit him to appear in court without shackles or other restraints and to wear civilian clothing at trial are granted."

Id. at *3.

The Seventh Circuit has also recognized that it is essential to maintain the constitutional right to a fair trial in a civil case for prisoner-plaintiffs. Harris v. Davis, 874

2

F.2d 461, 466 (7th Cir. 1989), *cert. denied*, 493 U.S. 1027, 110 S.Ct. 735, 107 L.Ed.2d 754 (1990).

Similar to the Eighth Circuit's holding in *Holloway*, the Seventh Circuit in *Lemons v. Skidmore* noted that shackles "suggest to the jury in a civil case that the plaintiff is a violent person" and held that a prisoner civil plaintiff may be forced to wear shackles if there is an "extreme need." Lemons v. Skidmore, 985 F.2d 354, 357-58 (7th Cir. 1993). As previously stated, Plaintiff has not been disruptive or exhibited violent behavior in these proceedings to date. Mr. Anderson is not a violent or aggressive inmate and he should be free from shackles and restraints at the trial in this matter and be allowed to appear in civilian clothes.

WHEREFORE, for the foregoing reasons, and those stated in Plaintiff's Motion, Plaintiff respectfully requests this Honorable Court grant his Motion to Permit Plaintiff to Appear in Court at Trial Without Shackles or Other Restraints and in Civilian Clothes and for such other and further relief this Honorable Court deems just and proper under the circumstances.

    Respectfully submitted,

    SCHOTTEL & ASSOCIATES, P.C.

    BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.   #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiff
        Lautha V. Anderson, Sr.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>October 11, 2020</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Michael Pritchett
        Michael.Pritchett@ago.mo.gov

        James W. LeCompte III
        Wil.LeCompte@ago.mo.gov

        Attorneys for Defendants
        Chantay Godert, et al.


        s/*James W. Schottel, Jr.*