# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-CV-02659-AGF |
| CHANTAY GODERT, et al., | ) |
| Defendants. | ) |

## DEFENDANTS' TRIAL BRIEF

Defendants Monica Rubino, Jeremy Hansen, and Taylor Preston ("MDOC Defendants"), through counsel, and pursuant to this Court's Order Relating to Trial (Doc. 98), file their trial brief.

### I.  Factual Background

Plaintiff Lautha Anderson ("Plaintiff") is a prisoner in the Missouri Department of Corrections ("MDOC") and at all times relevant to his complaint was incarcerated at the Northeast Correctional Center in Bowling Green, Missouri ("NECC"). Plaintiff brought this action under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment to the United States Constitution. Plaintiff alleges that Defendants failed to protect him from assault by another prisoner.

Plaintiff was in the administrative segregation unit at NECC because he was being investigated on allegations that he conspired to smuggle narcotics into NECC. On November 18, 2016, Defendant Preston, a Corrections Case Manager, Defendant Henderson, a Corrections Officer III (Lieutenant), and Acting Functional Unit Manager

Robert Shane Henderson conducted a classification hearing to determine whether Plaintiff should remain in administrative segregation or be released to general population. Defendant Rubino did not participate in this hearing. Plaintiff was not present at the classification hearing because he refused take advantage of the opportunity to participate. Defendants Hansen, Defendant Preston, and Henderson recommended that Plaintiff be released to general population and an agent of the warden approved that recommendation.

Defendant Rubino, a Corrections Officer II (Sergeant), informed Plaintiff that he was being released to general population and told him to pack his things. Plaintiff asserts that Defendants Rubino, Preston, and Hansen were all present at his cell when he was told he was going to general population.  He also asserts that he told all three Defendants at his cell that his life would be at risk in general population from a prison gang called Family Value because they would think he was a snitch.  Defendant Rubino was at Plaintiff's cell and admits that he stated he did not want to leave administrative segregation.  Defendant Rubino, however, denies that Plaintiff ever told her that his life would be at risk from anyone in general population.  Defendants Preston and Hansen deny that they were present at Plaintiff's cell when he was told he was going to general population and deny that he ever told them that his life would be at risk from anyone in general population.  Plaintiff did move from administrative segregation to a general population housing unit on November 18, 2016.

After his move to general population, Plaintiff alleges that, when he was on his way to the dining room on November 20, 2016, a group of prisoners associated with a prison gang known as Family Value accosted him.  He alleges he continued to the dining room

2

and that, when he got to the door of the dining hall, he felt something crease his neck. He alleges that he continued into the dining hall, picked up his meal, and sat down to eat. He alleges that he did not know his neck had been cut until another prisoner told him he was bleeding. He alleges that he then left the dining hall and went to his cell. He did not report the incident to prison staff until the following morning (November 21).

Prison staff escorted Plaintiff to medical where a nurse found him to have a 3 ½ inch laceration on his neck. After the nurse treated Plaintiff, he was returned to the administrative segregation unit.

In the Informal Resolution Request (step 1 of the prison grievance process) Plaintiff submitted on December 7, 2016, Plaintiff asked to be released to general population.

## II. Factual Issues

The primary factual issues are based on the credibility of the parties. Plaintiff alleges that all three MDOC Defendants came to his cell, that he told them his life would be at risk in general population, and that he named the specific group of prisoners that was threatening him, but that the MDOC Defendants ignored him and sent him to general population anyway. Defendant Rubino was at Plaintiff's cell that day, but denies that Plaintiff ever told her about any risks to his life if he were moved to general population. Defendants Hansen and Preston deny that they were at Plaintiff's cell at all and deny that Plaintiff ever told them about any risks to his life if he were moved to general population.

## III. Legal Issues

To prove an Eighth Amendment violation:

3

> a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. *Id*. The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind."

*Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008), *citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In a failure to protect claim, to be liable for deliberate indifference, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

"[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996).  "An inmate's complaints of 'general fear for his safety' do not establish that a defendant 'acted with deliberate indifference by not placing him in protective custody.'" *Jones v. Wallace*, 641 F. App'x 665, 666 (8th Cir. 2016) (quoting *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir.1994)).

Plaintiff never informed Defendants of any danger he may have faced, as he refused to participate in his administrative segregation hearing by his own choice and did not inform Defendant Rubino about any danger he may have faced.

**IV. Conclusion**

Plaintiff did not inform Defendants Monica Rubino, Jeremy Hansen, or Taylor Preston that he believed his life would be at risk if he were moved to general population. Defendants did not possess knowledge of a substantial risk of serious harm to Plaintiff's

4

health or safety if he were moved from general population.  Defendants did not draw an inference that such a risk existed.

                    Respectfully submitted,

                    **ERIC S. SCHMITT**
                    Missouri Attorney General

                    /s/ *Michael Pritchett*
                    Michael Pritchett, Mo Bar No. 33848
                    Assistant Attorney General
                    James W. LeCompte III, Mo Bar No. 72899
                    Assistant Attorney General
                    Missouri Attorney General's Office
                    P.O. Box 899
                    Jefferson City, Missouri 65102
                    Telephone:   (573)751-8864 (Pritchett)
                                  (573)821-3616 (LeCompte)
                    Fax:              (573)751-9456
                    Email: Michael.Pritchett@ago.mo.gov
                    Email: Wil.LeCompte@ago.mo.gov

                    **ATTORNEYS FOR DEFENDANTS**
                    **RUBINO, PRESTON, AND HANSEN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2020, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notice to:

    James W. Schottel, Jr.
    Schottel & Associates, P.C.
    906 Olive Street, PH
    St. Louis, MO 63101
    jwsj@schotteljustice.com
    Attorney for Plaintiff

                    /s/ *Michael Pritchett*
                    Assistant Attorney General