**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAUTHA V. ANDERSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-02659-AGF |
| | ) | |
| CHANTAY GODERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Monica Rubino, Taylor Preston, and Jeremy Hansen, through counsel,

propose that the following jury instructions be used in the case at bar:

## INSTRUCTION NO. _____

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off.

From now until you are discharged from the case, and for those who are selected to try the case, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, claims, evidence or anything else related to this case.

After you retire to deliberate on a verdict at the end of the trial, you must discuss the case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give the jury. Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not

presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?


8th Circuit Model Jury Instruction 1.01

Submitted by Defendants

## INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you. Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

8th Circuit Model Jury Instruction 1.02

Submitted by Defendants

5

**INSTRUCTION NO. _____**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later – whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by Plaintiff Lautha Anderson Sr., a prisoner in the Missouri Department of Corrections, against Defendants Monica Rubino, Taylor Preston, and Jeremy Hansen, all of whom are or were employees of the Department. Plaintiff claims that Defendants failed to protect him by requiring him to move from the prison administrative segregation unit to general population even though he informed them that his life would be at risk in general population.  Plaintiff also claims that on the second day after his placement in general population he was physically assaulted by another prisoner. Defendants deny that Plaintiff ever told them of any risk to his life. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

6

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

8th Circuit Model Jury Instruction 1.03

Submitted by Defendants

## INSTRUCTION NO. _____

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been. You should not show prejudice against a lawyer or the lawyer's client because the lawyer has made objections.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can

consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Circuit Model Jury Instruction 1.04  (modified – added sentence at end of numbered paragraph 3)

Submitted by Defendants

## INSTRUCTION NO. _____

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

8th Circuit Model Jury Instruction 1.05

Submitted by Defendants

## INSTRUCTION NO. _____

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

[If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them at your seat.]

[When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.]

8th Circuit Model Jury Instruction 1.06

Submitted by Defendants

## INSTRUCTION NO. ____

When the lawyers have finished asking all of their questions of a witness, you will be allowed to ask the witness questions (describe procedure to be used here). I will tell you if the rules of evidence do not allow a particular question to be asked. After all of your questions, if there are any, the lawyers may ask more questions. [Do not be concerned or embarrassed if your question is not asked; sometimes even the lawyers' questions are not allowed.]

8th Circuit Model Jury Instruction 1.07

Submitted by Defendants

## INSTRUCTION NO. _____

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me.] If someone tries to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.).

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this

13

case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all.] I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

8th Circuit Model Jury Instruction 1.08

Submitted by Defendants

## INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

8th Circuit Model Jury Instruction 1.09

Submitted by Defendants

## INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8th Circuit Model Jury Instruction 2.01

Submitted by Defendants

# INSTRUCTION NO. _____

The plaintiff and the defendants have stipulated -- that is, they have agreed -- that the following facts are true. You must, therefore, treat those facts as having been proved.

8th Circuit Model Jury Instruction 2.03

Submitted by Defendants

**INSTRUCTION NO. _____**

You have heard evidence that Plaintiff Lautha Anderson has been convicted of crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

8th Circuit Model Jury Instruction 2.10

Submitted by Defendants

# INSTRUCTION NO. _____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

8th Circuit Model Jury Instruction 3.01

Submitted by Defendants

**INSTRUCTION NO. _____**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.]


8th Circuit Model Jury Instruction 3.02

Submitted by Defendants

## INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

8th Circuit Model Jury Instruction 3.03

Submitted by Defendants

**INSTRUCTION NO. _____**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. In this case the burden of proving the facts is on plaintiff. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.


8th Circuit Model Jury Instruction 3.04 (modified – added 2d sentence to 1st paragraph)

Submitted by Defendants

# INSTRUCTION NO. _____

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the marshal that you are ready to return to the courtroom.

8th Circuit Model Jury Instruction 3.06

Submitted by Defendants

INSTRUCTION NO. ___

The fact that I will instruct you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff by the greater weight of the evidence on the question of liability in accordance with the other instructions.

O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, § 106:02 (6th ed. 2011) (modified – changed "have instructed" to "will instruct"; changed "from a preponderance of the evidence in the case" to "by the greater weight of the evidence on the question of liability")

Submitted Defendants

INSTRUCTION NO. _____

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, then all defendants are liable. Each defendant is entitled to a fair consideration of the evidence.  No defendant is to be prejudiced should you find against another defendant.   Unless otherwise stated, all instructions I give you govern the case as to each defendant.


O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions, § 103:14 (6th ed. 2011) (modified – added "then" to 1st sentence; changed "Neither" to "No" and changed " the other" to "another defendant" in 3d sentence)

Submitted by Defendants

## INSTRUCTION NO. _____

Your verdict must be for plaintiff Lautha Anderson and against defendant Monica Rubino on plaintiff's claim that defendant Rubino failed to protect him if all the following elements have been proved by the greater weight of the evidence:

*First*, a prisoner affiliated with the "Family Value" prison gang physically attacked the plaintiff on November 20, 2016; and

*Second*, defendant Rubino was aware of the substantial risk of an attack; and

*Third*, defendant Rubino, with deliberate indifference to the plaintiff's need to be protected from this attack, failed to take reasonable actions within her power to protect the plaintiff; and

*Fourth*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the defendant.

8th Circuit Model Jury Instruction 4.44 (modified – added "by the greater weight of the evidence at the end of first paragraph; added "to take reasonable actions within her power" to Paragaph 3d)

Submitted by Defendants

**INSTRUCTION NO. _____**

Your verdict must be for plaintiff Lautha Anderson and against defendant Taylor Preston on plaintiff's claim that defendant Preston failed to protect him if all the following elements have been proved by the greater weight of the evidence:

*First*, a prisoner affiliated with the "Family Value" prison gang physically attacked the plaintiff on November 20, 2016; and

*Second*, defendant Preston was aware of the substantial risk of an attack; and

*Third*, defendant Preston, with deliberate indifference to the plaintiff's need to be protected from this attack, failed to take reasonable actions within her power to protect the plaintiff; and

*Fourth*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the defendant.

8th Circuit Model Jury Instruction 4.44 (modified – added "by the greater weight of the evidence at the end of first paragraph; added "to take reasonable actions within her power" to Paragaph 3d)

Submitted by Defendants

30

## INSTRUCTION NO. _____

Your verdict must be for plaintiff Lautha Anderson and against defendant Jeremy Hansen on plaintiff's claim that defendant Hansen failed to protect him if all the following elements have been proved by the greater weight of the evidence:

*First*, a prisoner affiliated with the "Family Value" prison gang physically attacked the plaintiff on November 20, 2016; and

*Second*, defendant Hansen was aware of the substantial risk of an attack; and

*Third*, defendant Hansen, with deliberate indifference to the plaintiff's need to be protected from this attack, failed to take reasonable actions within his power to protect the plaintiff; and

*Fourth*, as a direct result, the plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the defendant.

8th Circuit Model Jury Instruction 4.44 (modified – added "by the greater weight of the evidence at the end of first paragraph; added "to take reasonable actions within her power" to Paragaph 3d)

Submitted by Defendants

## INSTRUCTION NO. _____

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff was going to be attacked and if the defendant consciously disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures within his or her power to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference. A defendant must both be aware of the facts from which the conclusion could be drawn that an excessive risk of harm to plaintiff's physical well-being existed and the defendant must also draw the conclusion.   A defendant's failure to alleviate a substantial risk of harm to the plaintiff's physical well-being which he or she should have known of, but did not have actual knowledge of, does not establish deliberate indifference.

8th Circuit Model Jury Instruction 4.23 (modified – changed "disregards" to "consciously disregarded" in 1st sentence; added "within his or her power" in 1st sentence; added last two sentences)
*Perkins v. Grimes*, 161 F.3d 1127 (8th Cir. 1998)
*Farmer v. Brennan*, 511 U.S. 825 (1994)

Submitted by Defendants

**INSTRUCTION NO. _____**

If you find in favor of the plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find from the greater weight of the evidence that he sustained as a direct result of the violation of the plaintiff's constitutional rights. You should consider the physical pain the plaintiff has experienced; the nature and extent of the injury; whether the injury is temporary or permanent; and whether any resulting disability is partial or total.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

8th Circuit Model Jury Instruction 4.70 (modified – added "from the greater weight of the evidence that" in 1st paragraph; deleted inapplicable elements of damages)

Submitted by Defendants

INSTRUCTION NO. _____

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instructions _____, _____, or _____ and if it has been proved that the conduct of that defendant as submitted in Instructions _____, _____, or _____ was outrageous because it was motivated by evil motive or intent or was malicious or recklessly indifferent to the plaintiff's constitutional rights, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.      How much harm the defendant's wrongful conduct caused the plaintiff.  You may not consider harm to others in deciding the amount of punitive damages to award.

3.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his or her wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

The amount of punitive damages, if awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

8th Circuit Model Jury Instruction 4.72 (modified – added "outrageous because it was motivated by evil motive or intent or was" in 2nd paragraph; changed "harm caused to the plaintiff" to "amount of compensatory damages you awarded" in numbered paragraph 4; added last paragraph)
*Smith v. Wade*, 461 U.S. 30 (1983)
*Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991)
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)
*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996)
*Jordon v. Clayton Brokerage Co.*, 975 F.2d 539 (8th Cir. 1992)
*Quigley v. Winter*, 598 F.3d 938 (8th Cir. 2010)
*Schaub v. VonWald*, 638 F.3d 905 (8th Cir. 2011)

Submitted by Defendants

**VERDICT**

**Note:**  Complete this form by writing in the names required by your verdict.

On plaintiff Lautha Anderson's claim against defendant Monica Rubino, as submitted in Instruction No. _____, we find in favor of

_____
(Plaintiff Lautha Anderson)        or        (Defendant Monica Rubino)

On plaintiff Lautha Anderson's claim against defendant Taylor Preston, as submitted in Instruction No. _____, we find in favor of

_____
(Plaintiff Lautha Anderson)        or        (Defendant Taylor Preston)

On plaintiff Lautha Anderson's claim against defendant Jeremy Hansen, as submitted in Instruction No. _____, we find in favor of

_____
(Plaintiff Lautha Anderson)        or        (Defendant Jeremy Hansen)

**Note:**  Complete the following paragraphs only if one or more of the above findings is in favor of the plaintiff.  (If all of the above findings are in favor of the defendants, have your foreperson sign and date this form because you have completed your deliberations.)

We find plaintiff Lautha Anderson's damages to be:

$ _____ (state the amount or, if none, write the word "none")

**Note:** You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff damages.

We assess punitive damages against defendant Monica Rubino as follows:

$ _____     (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Taylor Preston as follows:

$ _____     (state the amount or, if none, write the word "none").

We assess punitive damages against defendant Jeremy Hansen as follows:

$ _____     (state the amount or, if none, write the word "none").


_____
                                   Foreperson

Dated: _____


8th Circuit Model Jury Instruction 4.80 (modified – added parenthetical at end of 2nd note; deleted the words "nominal or actual" from 3rd note)

Submitted by Defendants

The Defendants reserve the right to submit additional or modified requests for jury instructions in light of any requests for instructions Plaintiff may make.

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Michael Pritchett*
Michael Pritchett, Mo Bar No. 33848
Assistant Attorney General
James W. LeCompte III, Mo Bar No. 72899
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone:    (573)751-8864 (Pritchett)
                    (573)821-3616 (LeCompte)
Fax:          (573)751-9456
Email: Michael.Pritchett@ago.mo.gov
Email: Wil.LeCompte@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**
**RUBINO, PRESTON, AND HANSEN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2020, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notice to:

James W. Schottel, Jr.
Schottel & Associates, P.C.
906 Olive Street, PH
St. Louis, MO 63101
jwsj@schotteljustice.com
Attorney for Plaintiff

/s/ *Michael Pritchett*
Assistant Attorney General