# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-2659 AGF |
| ) | |
| CHANTAY GODERT, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S CORRECTED PROPOSED JURY INSTRUCTIONS

COMES NOW Plaintiff Lautha V. Anderson, Sr. ("Plaintiff"), by and through his attorney James W. Schottel, Jr., pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Honorable Court's Order Relating to Trial of November 17, 2020 and hereby submits the following corrected proposed jury instructions as Plaintiff's Verdict A, 8th Cir. Civil Jury Instr, 4.80 (2020) inadvertently failed to set forth the complete Verdict Form:

## INSTRUCTION NO. \_\_\_\_

The plaintiff and the defendants have stipulated -- that is, they have agreed – that the following facts are true. You must, therefore, treat those facts as having been proved.

Plaintiff's Instruction No. 1, 8th Cir. Civil Jury Instr, 2.03 (2020)

## INSTRUCTION NO. \_\_\_\_

A substantial risk of serious harm is present when a prisoner faces an objectively intolerable risk of harm such that prison officials cannot argue that they were subjectively blameless for the resulting harm to the prisoner.

Plaintiff's Instruction No. 2, 8th Cir. Civil Jury Instr, 4.21 (2020)

**INSTRUCTION NO. \_\_\_\_**

Deliberate indifference is established only if there is actual knowledge of [here describe the substantial risk of serious harm to or serious medical need of] the plaintiff and if the defendant disregards that [risk or need] by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

Plaintiff's Instruction No. 3, 8th Cir. Civil Jury Instr, 4.23 (2020)

## INSTRUCTION NO. \_\_\_\_

"Maliciously" means intentionally injuring another without just cause.

Plaintiff's Instruction No. 4, 8th Cir. Civil Jury Instr, 4.24 (2020)

## INSTRUCTION NO. \_\_\_\_

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

Plaintiff's Instruction No. 5, 8th Cir. Civil Jury Instr, 4.25 (2020)

## INSTRUCTION NO. \_\_\_\_

Your verdict must be for the Plaintiff and against Defendant Monica Rubino on Plaintiff's failure to protect claim if all of the following elements have been proved:

*First*, one or more inmates cut Plaintiff's neck; and the Plaintiff was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant Monica Rubino knew of and was aware of the substantial risk of an attack; and

*Third*, Defendant Monica Rubino, with deliberate indifference to the Plaintiff's need to be protected from such attack, failed to protect the Plaintiff; and

*Fourth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the Defendant, Monica Rubino.

Plaintiff's Instruction No. 6, 8th Cir. Civil Jury Instr, 4.44 (2020)

## INSTRUCTION NO. \_\_\_\_

Your verdict must be for the Plaintiff and against Defendant Taylor Preston on Plaintiff's failure to protect claim if all of the following elements have been proved:

*First*, one or more inmates cut Plaintiff's neck; and the Plaintiff was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant Taylor Preston knew of and was aware of the substantial risk of an attack; and

*Third*, Defendant Taylor Preston, with deliberate indifference to the Plaintiff's need to be protected from such attack, failed to protect the Plaintiff; and

*Fourth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the Defendant, Taylor Preston.

Plaintiff's Instruction No. 7, 8th Cir. Civil Jury Instr, 4.44 (2020)

## INSTRUCTION NO. \_\_\_\_

Your verdict must be for the Plaintiff and against Defendant Jeremy Hanson on Plaintiff's failure to protect claim if all of the following elements have been proved:

*First*, one or more inmates cut Plaintiff's neck; and the Plaintiff was incarcerated under conditions posing a substantial risk of serious harm;

*Second*, Defendant Jeremy Hanson knew of and was aware of the substantial risk of an attack; and

*Third*, Defendant Jeremy Hanson, with deliberate indifference to the Plaintiff's need to be protected from such attack, failed to protect the Plaintiff; and

*Fourth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for the Defendant, Jeremy Hanson.

Plaintiff's Instruction No. 8, 8th Cir. Civil Jury Instr, 4.44 (2020)

**INSTRUCTION NO. \_\_\_\_**

If you find in favor of the Plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained as a direct result of the conduct of the defendant as submitted in Instruction \_\_\_\_\_. You should consider the following elements of damages:

1. The physical pain and suffering the plaintiff has experienced; the nature and extent of the injury and whether the injury is temporary or permanent.

Plaintiff's Instruction No. 9, 8th Cir. Civil Jury Instr, 4.70 (2020)

**INSTRUCTION NO. \_\_\_\_**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff under Instructions \_\_\_\_\_ and if it has been proved that the conduct of that Defendant as submitted in Instruction \_\_\_\_\_ was malicious or recklessly indifferent to the Plaintiff's safety, then you may, but are not required to, award the Plaintiff an additional amount of money as punitive damages for the purposes of punishing the Defendant for engaging in misconduct and discouraging the Defendant and others from engaging in similar misconduct in the future. You should presume that a Plaintiff has been made whole for his injuries by the damages awarded under Instruction \_\_\_\_\_.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the Defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; and whether the Defendant's conduct that harmed the Plaintiff also posed a risk of harm to others.

2. How much harm the defendant's wrongful conduct caused the Plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for his or her wrongful conduct toward the Plaintiff and to discourage the Defendant and others from similar wrongful conduct in the future.

4. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiff.

You may award punitive damages against any or all Defendants or you may refuse to award punitive damages. If punitive damages are awarded against more than one Defendant, the amounts awarded against those Defendants may be the same or they may be different.

Plaintiff's Instruction No. 10, 8th Cir. Civil Jury Instr, 4.72 (2020)

## VERDICT

**Note**: Complete this form by writing in the names required by your verdict.

On Plaintiff Lautha V. Anderson, Sr.'s claim against Defendant Monica Rubino, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Lautha V. Anderson, Sr.  or   Defendant Monica Rubino

On Plaintiff Lautha V. Anderson, Sr.'s claim against Defendant Taylor Preston, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Lautha V. Anderson, Sr.  or   Defendant Taylor Preston

On Plaintiff Lautha V. Anderson, Sr.'s claim against Defendant Jeremy Hanson, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Lautha V. Anderson, Sr.  or   Defendant Jeremy Hanson

**Note**:    Complete the following paragraphs only if one or more of the above findings is in favor of the Plaintiff.

We find Plaintiff Lautha V. Anderson, Sr.'s damages to be:

$ _____ (state the amount or, if none, write the word "none").

**Note**: You may not award punitive damages against any Defendant unless you have first found against that Defendant and awarded the Plaintiff actual damages.

We assess punitive damages against Defendant Monica Rubino as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against Defendant Taylor Preston as follows:

$ _____ (state the amount or, if none, write the word "none").

We assess punitive damages against Defendant Jeremy Hanson, as follows:

$ _____ (state the amount or, if none, write the word "none").

_____
Foreperson

Dated: _____

Plaintiff's Verdict A, 8th Cir. Civil Jury Instr, 4.80 (2020)

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
    James W. Schottel, Jr.   #51285MO
    906 Olive St., PH
    St. Louis, MO 63101
    (314) 421-0350
    (314) 421-4060 facsimile
    jwsj@schotteljustice.com

    Attorney for Plaintiff
    Lautha V. Anderson, Sr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Michael Pritchett
    Michael.Pritchett@ago.mo.gov

    James W. LeCompte III
    Wil.LeCompte@ago.mo.gov

    Attorneys for Defendants
    Monica Rubino
    Taylor Preston
    Jeremy Hanson


    s/*James W. Schottel, Jr.*