**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:17-CV-2659 AGF |
| CHANTAY GODERT, et al., | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff Lautha V. Anderson, Sr. ("Plaintiff"), by and through his attorney James W. Schottel, Jr., and states for his Trial Brief as follows:

### Facts

*Plaintiff presumes that through the Summary Judgment process the Court has become familiar with the facts and claims in this case.*

As this Honorable Court noted in its Memorandum and Order on the Defendants' Motion for Summary Judgment, "Here, taking the facts in the light most favorable to Plaintiff, a reasonable juror could find that all three Defendants were present at the scene, had actual knowledge of a substantial risk of harm to Plaintiff by ordering Plaintiff to move to the general population, and failed to respond reasonably to that risk, resulting in injury to Plaintiff." (*See* Doc. #89, p. 6).

### Procedural Posture

Plaintiff filed his pro se Amended Complaint on December 11, 2017; Doc. #6. All Defendants answered on September 27, 2018. (Doc. #19).

On February 28, 2020, Defendants filed a Motion for Summary Judgment on Plaintiff's claim of Plaintiff's Amended Complaint; Doc. #6, that Defendants failed to protect Plaintiff from an attack on him on November 20, 2016 after releasing Plaintiff from administrative segregation to general population on November 18, 2016. On April 5, 2019, the undersigned was appointed through this Court's Plan for the Appointment of Pro Bono Counsel to represent Plaintiff in this case; Doc. #36.

### Plaintiff's Evidence

Mr. Anderson will tell what happened to him on November 18, 2016 and subsequently thereafter.

### Defendant's Evidence

Plaintiff anticipates that Defendant Monica Rubino will admit that she was present during Mr. Anderson's transfer from administrative segregation to general population but she and other corrections officers will deny Plaintiff's remaining allegations. Defendant Taylor Preston and Defendant Jeremy Hanson will deny they were even present during Mr. Anderson's transfer from administrative segregation to general population.

### He Said – She Said: Is for the Jury

At the time of his transfer on November 18, 2020, Plaintiff attests that he explained to all three Defendants, Defendant Monica Rubino, Defendant Taylor Preston and Defendant Jeremy Hanson, that there was a specific threat on his life if he went to the general population, that the inmates making these threats belonged to a prison gang known as the Family Value gang, that those threats resulted from the gang's belief that Plaintiff was a "snitch," and that letting Plaintiff out of administrative segregation without any punishment or questioning and after spending only 30 days in the unit, despite the two major charges of conspiracy to introduce narcotics into the prison, would only reinforce the gang's belief that Plaintiff was a snitch. Plaintiff attests that all

three Defendants ignored his pleas, and that Rubino told him that if he did not leave administrative segregation, he would be given a conduct violation and would be physically removed.

Within 48 hours after his transfer to the general population, while Plaintiff was on his way to the dining room, Plaintiff was approached by several inmates associated with the Family Value gang. One such inmate accused Plaintiff of being a "snitch" in connection with his narcotic charges and his transfer out of administrative segregation. (*See* Doc. #6, pp. 7-8). Plaintiff responded that he did not know anything and proceeded to walk toward the dining room. However, he soon felt a stinging sensation in his neck and realized that another inmate had sliced the side of his neck and ran away.

Following the attack, Plaintiff was in immediate pain and his neck began to bleed. Plaintiff ran back to his cell, where he remained locked all night. His neck continued to bleed during this time, but the bleeding was controlled. The next morning, Plaintiff stopped a corrections officer, showed him his neck, told him he needed medical attention and the corrections officer took Plaintiff to get medical treatment. Plaintiff thereafter requested protective custody and was placed into such custody on November 21, 2016. This litigation ensued.

**A.**     **Testimony of a Law Enforcement Officer**

As this case poses Plaintiff against corrections officers, it is extremely important that the jurors not give more weight to Defendant Monica Rubino, Defendant Taylor Preston and Defendant Jeremy Hanson, or other corrections officer's (Plaintiff believes offer corrections officers may testify in support of Defendant Monica Rubino), testimony just because they are law enforcement officers. Plaintiff proposes the following instruction:

> "The testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his or her credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a law enforcement officer."

*See* Avery, Rudovsky, Blum, Police Misconduct, (2014-2015) § 12.8, *mod*.; Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Butler v. City of Camden, City Hall, 352 F.3d 811(3d Cir. 2003); Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981); Bush v. U.S., 375 F.2D 602, 605 (D.C. Cir. 1967). (*See Plaintiff's Exhibit 1 attached hereto*)

Lastly, Plaintiff proposes the Eighth Amendment as a jury instruction so that the jurors will understand that the case deals with constitutional issues:

> "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

*See* U.S. Const. amend. VIII. (*See Plaintiff's Exhibit 2 attached hereto*)

        Respectfully submitted,

        SCHOTTEL & ASSOCIATES, P.C.

        BY: s/*James W. Schottel, Jr.*
            James W. Schottel, Jr.   #51285MO
            906 Olive St., PH
            St. Louis, MO 63101
            (314) 421-0350
            (314) 421-4060 facsimile
            jwsj@schotteljustice.com

            Attorney for Plaintiff
            Lautha V. Anderson, Sr.

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 26, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Michael Pritchett
        Michael.Pritchett@ago.mo.gov

        James W. LeCompte III
        Wil.LeCompte@ago.mo.gov

        Attorneys for Defendants
        Monica Rubino
        Taylor Preston
        Jeremy Hanson


        s/*James W. Schottel, Jr.*