UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02659-AGF |
| ) | |
| CHANTAY GODERT, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE

Defendants, through counsel, move this Court for an order in limine excluding the following evidence, and prohibiting Plaintiff or any witnesses from mentioning or introducing testimony or other evidence relating to the subjects listed and discussed below. Defendants further move the Court to instruct Plaintiff not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the subjects listed below, without first obtaining permission from the Court outside of the presence and hearing of the jury. Defendants further move the Court to instruct Plaintiff to caution all his witnesses to strictly follow these same instructions.

1. Plaintiff's release from administrative segregation on November 27, 2016, and circumstances leading up to that release.

(a) Evidence related to this incident is not relevant to any issues in this case, which involve Plaintiff's failure to protect claim based on an alleged prisoner assault on him on November 20, 2016, after his release from administrative segregation on November 18, 2016, and should therefore be excluded under Fed. R. Evid. 402.

1

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

(c) Such evidence is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

2. Statements or written comments made by any non-defendant to the effect that Plaintiff's release from administrative segregation on November 18, 2016, or any other date, was in error.

(a) Such evidence is not relevant to any issue in this case because it will not reflect Defendants' knowledge regarding factors pertinent to the release of Plaintiff from administrative segregation, and should therefore be excluded under Fed. R. Evid. 402.

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

(c) Such evidence relating to any date other than November 18, 2016, is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

(d) Further, such evidence would be inadmissible hearsay under Fed. R. Evid. 802.

3. Testimony from Roxane Gaston.

2

(a) Ms. Gaston did not take part in the decision to release Plaintiff from administrative segregation on November 18, 2016; was not present at work on that date; and has no knowledge of Plaintiff's release from administrative segregation on that date, his subsequent injury, or his return to administrative segregation on November 21, 2016. Therefore, Ms. Gaston's testimony is not relevant to any issue in this case, and should be excluded under Fed. R. Evid. 402.

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

4. Statements or written comments made by any medical, or other health, professional beyond entry into evidence of the two medical records Plaintiff provided as exhibits to his complaints (ECF Doc. No. 1-2, pp. 3-4; ECF Doc. No. 6-1, pp. 3-4) in this case.

(a) Such evidence would be inadmissible hearsay under Fed. R. Evid. 802.

(b) Plaintiff provided no medical, or other health, information to Defendants in discovery despite a request for it. Plaintiff also refused to provide an authorization to Defendants to obtain such information for themselves.

5. Plaintiff's medical, or other health, records beyond the two medical records Plaintiff provided as exhibits to his complaints (ECF Doc. No. 1-2, pp. 3-4; ECF Doc. No. 6-1, pp. 3-4) in this case.

(a) Such evidence would be inadmissible hearsay under Fed. R. Evid. 802.

(b) Plaintiff provided no medical, or other health, information to Defendants in discovery despite a request for it. Plaintiff also refused to provide an authorization to Defendants to obtain such information for themselves.

6. Testimony from any medical, or other health, professional, including Heather Swope.

(a) Plaintiff provided no medical, or other health, information to Defendants in discovery despite a request for it. Plaintiff also refused to provide an authorization to Defendants to obtain such information for themselves.

7. Statements from Plaintiff that his due process rights were violated.

(a) Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 402.

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

(c) Such evidence is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

8. Other civil rights lawsuits filed against Defendants, or other employees of the Missouri Department of Corrections, if any, or any settlements or findings of liability therefor.

(a) Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 402.

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

(c) Such evidence is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

9.  Complaints brought by other prisoners against the Defendants or other employees of the Missouri Department of Corrections.

(a) Such evidence is not relevant to any issue in this case and should therefore be excluded under Fed. R. Evid. 402.

(b) To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury.

(c) Such evidence is also inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

WHEREFORE, Defendants pray this Court to order that no evidence or testimony related to any of the foregoing topics be admitted.

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Michael Pritchett*
Michael Pritchett, Mo Bar No. 33848
Assistant Attorney General
James W. LeCompte III, Mo Bar No. 72899
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone:   (573)751-8864 (Pritchett)
             (573)821-3616 (LeCompte)
Fax:         (573)751-9456
Email: Michael.Pritchett@ago.mo.gov
Email: Wil.LeCompte@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS
RUBINO, PRESTON, AND HANSEN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notice to:

James W. Schottel, Jr.
Schottel & Associates, P.C.
906 Olive Street, PH
St. Louis, MO 63101
jwsj@schotteljustice.com
Attorney for Plaintiff

/s/ *Michael Pritchett*
Assistant Attorney General

6