## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LAUTHA V. ANDERSON, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-CV-2659 AGF |
| CHANTAY GODERT, et al., | ) |
| Defendants. | ) |

### PLAINTIFF LAUTHA V. ANDERSON, SR.'S MOTIONS IN LIMINE

COMES NOW Plaintiff Lautha V. Anderson, Sr. ("Plaintiff"), by and through his attorney, and moves in limine to exclude Defendant from mentioning in voir dire, opening statement, closing argument or from presenting any evidence, or eliciting from any witnesses, any reference or mention of:

1.  Defendants and Law Enforcement Witnesses in Uniform.

Defendants are corrections/law enforcement officers. The prejudicial effect of wearing uniforms is strong, because many members of the public view law enforcement officers as credible, and yet the law requires that a witness who is a law enforcement officer not receive more credibility from the jury than other witnesses, just because he or she is a law enforcement officer. *See* Roberts v. Hollocher, 664 F.2d 200, 202-03 (8th Cir. 1981). If Defendants and law enforcement witnesses appear at trial in uniform, then the jurors will conclude that the officers are more trustworthy than the Plaintiff (and/or the jurors themselves). Such a conclusion would be prejudicial to Plaintiff.

Lastly, during the trial and in the courtroom, Defendants and law enforcement witnesses will not be working and there is no reason to wear their uniforms other than for "cosmetic" purposes for the jury. The court should therefore prohibit Defendants and Defendants' witnesses from appearing in court at trial in uniform.

  2.  <u>Plaintiff Lautha V. Anderson, Sr.' Prior Convictions</u>.

    A.  On October 19, 1994, Plaintiff was convicted of Robbery - 1st Degree *{ Felony A RSMo: 569.020 }* and on February 24, 1995, Plaintiff was sentenced to 10 years in prison (City of St. Louis);

    B.  On October 19, 1994, Plaintiff was convicted of Kidnapping *{ Felony A RSMo: 565.110 }* and on February 24, 1995, Plaintiff was sentenced to 5 years in prison (City of St. Louis);

    C.  On January 12, 1995, Plaintiff was convicted of Forcible Rape *{ Felony A RSMo: 566.030 }* and on February 24, 1995, Plaintiff was sentenced to Life in prison (City of St. Louis);

    D  On January 12, 1995, Plaintiff was convicted of Burglary - 1st Degree *{ Felony B RSMo: 569.160 }* and on February 24, 1995, Plaintiff was sentenced to 5 years in prison (City of St. Louis); and

    E  On January 12, 1995, Plaintiff was convicted of Robbery - 2nd Degree *{ Felony B RSMo: 569.030 }* and on February 24, 1995, Plaintiff was sentenced to 5 years in prison (St. Louis County).

    AA.  On August 19, 2011, Plaintiff pled guilty to Theft/Stealing (Value Of Property Or Services Is $500 Or More But Less Than $25,000) *{ Felony C RSMo: 570.030 }* and on the same day Imposition of Sentence was Suspended (SIS) and Plaintiff was placed on 5 years probation with conditions. (St. Louis County).

    On April 12, 2012, after hearing on the Motion for Probation Revocation filed by the State, the judge ordered Plaintiff to serve one year in the county jail (Department of Justice Services – DJS). (St. Louis County).

F.     On August 28, 1996, Plaintiff pled guilty to Robbery - 1st Degree *{ Felony A RSMo: 569.020 }* and on the same day Plaintiff was sentenced to 15 years in prison. (St. Louis County). On August 28, 1996, Plaintiff pled guilty to Armed Criminal Action *{ Felony Unclassified RSMo: 571.015 }* and on the same day Plaintiff was sentenced to 15 years in prison. (St. Louis County). On August 28, 1996, Plaintiff pled guilty to Burglary - 1st Degree { Felony B RSMo: 569.160 } and on the same day Plaintiff was sentenced to 15 years in prison. (St. Louis County). On August 28, 1996, Plaintiff pled guilty to a second count of Armed Criminal Action *{ Felony Unclassified RSMo: 571.015 }* and on the same day Plaintiff was sentenced to 15 years in prison. (St. Louis County).

Rule 609 of the Federal Rules of Evidence sets forth in its entirety that:

"**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
**(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
**(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
**(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
**(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

**(c) Effect of a Pardon, Annulment, or Certificate of Rehabilitation.** Evidence of a conviction is not admissible if:
**(1)** the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has

3

been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year; or
**(2)** the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

**(d) Juvenile Adjudications.** Evidence of a juvenile adjudication is admissible under this rule only if:
**(1)** it is offered in a criminal case;
**(2)** the adjudication was of a witness other than the defendant;
**(3)** an adult's conviction for that offense would be admissible to attack the adult's credibility; and
**(4)** admitting the evidence is necessary to fairly determine guilt or innocence."

**(e) Pendency of an Appeal.** A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible."

3. <u>Mentioning that these motions in limine were filed</u>.

In the event any one of these motions in limine are denied, Defendants should be prohibited from mentioning these motions in limine and prohibited from stating or infering to the jury that there was evidence Plaintiff has tried "to keep from the jury." These motions in limine are made based upon good faith interpretations of the law and to make any such comment on these motions in limine would be highly and unfairly prejudicial and irrelevant. See Fed.R.Evid. 401-402-403.

WHEREFORE, Plaintiff respectfully requests that the Court exclude the evidence set forth above and make whatever additional rulings it deems necessary and proper in the circumstances.

 Respectfully submitted,

 SCHOTTEL & ASSOCIATES, P.C.

 BY: s/*James W. Schottel, Jr.*
 James W. Schottel, Jr.   #51285MO
 906 Olive St., PH
 St. Louis, MO 63101
 (314) 421-0350
 (314) 421-4060 facsimile
 jwsj@schotteljustice.com

 Attorney for Plaintiff
 Lautha V. Anderson, Sr.

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>November 4, 2020</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

      Michael Pritchett
      Michael.Pritchett@ago.mo.gov

      James W. LeCompte III
      Wil.LeCompte@ago.mo.gov

      Attorneys for Defendants
      Chantay Godert, et al.


      s/*James W. Schottel, Jr.*