UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAUTHA V. ANDERSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-02659-AGF |
| | ) | |
| CHANTAY GODERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MODIFIED PROPOSED JURY INSTRUCTIONS

Defendants Rubino, Preston, and Hansen, through counsel, in light of Plaintiff's proposed jury instructions, propose the following modified jury instructions for use in this case:

# INSTRUCTION NO. _____

Your verdict must be for Plaintiff Lautha Anderson and against Defendant Monica Rubino on Plaintiff's failure to protect claim if all the following elements have been proved:

*First*, a prisoner affiliated with the "Family Values" prison gang physically attacked the Plaintiff after the Plaintiff's move from administrative segregation to general population on November 18, 2016; and

*Second*, there was a substantial risk of a physical attack on the Plaintiff by a prisoner affiliated with the "Family Values" prison gang at that time; and

*Third*, Defendant Rubino, at the time of the attack, knew of and was aware of the substantial risk of an attack; and

*Fourth*, Defendant Rubino, with deliberate indifference to the Plaintiff's need to be protected from this attack, failed to take reasonable actions within her power to protect the Plaintiff; and

*Fifth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant Rubino.

---

8th Circuit Model Jury Instruction 4.44 (modified – changed wording of last phrase of Paragraph 1st to better fit it into the failure to protect context, made that phrase into a separate element, and renumbered the succeeding elements; added "at the time of the attack" to Paragraph 3rd; added "to take reasonable actions within her power" to Paragraph 4th)

Submitted by Defendants

# INSTRUCTION NO. _____

Your verdict must be for Plaintiff Lautha Anderson and against Defendant Taylor Preston on Plaintiff's failure to protect claim if all the following elements have been proved:

*First*, a prisoner affiliated with the "Family Values" prison gang physically attacked the Plaintiff after the Plaintiff's move from administrative segregation to general population on November 18, 2016; and

*Second*, there was a substantial risk of a physical attack on the Plaintiff by a prisoner affiliated with the "Family Values" prison gang at that time; and

*Third*, Defendant Preston, at the time of the attack, knew of and was aware of the substantial risk of an attack; and

*Fourth*, Defendant Preston, with deliberate indifference to the Plaintiff's need to be protected from this attack, failed to take reasonable actions within her power to protect the Plaintiff; and

*Fifth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant Preston.

8th Circuit Model Jury Instruction 4.44 (modified – changed wording of last phrase of Paragraph 1st to better fit it into the failure to protect context, made that phrase into a separate element, and renumbered the succeeding elements; added "at the time of the attack" to Paragraph 3rd; added "to take reasonable actions within her power" to Paragraph 4th)

Submitted by Defendants

# INSTRUCTION NO. _____

Your verdict must be for Plaintiff Lautha Anderson and against Defendant Jeremy Hansen on Plaintiff's failure to protect claim if all the following elements have been proved:

*First*, a prisoner affiliated with the "Family Values" prison gang physically attacked the Plaintiff after the Plaintiff's move from administrative segregation to general population on November 18, 2016; and

*Second*, there was a substantial risk of a physical attack on the Plaintiff by a prisoner affiliated with the "Family Values" prison gang at that time; and

*Third*, Defendant Hansen, at the time of the attack, knew of and was aware of the substantial risk of an attack; and

*Fourth*, Defendant Hansen, with deliberate indifference to the Plaintiff's need to be protected from this attack, failed to take reasonable actions within her power to protect the Plaintiff; and

*Fifth*, as a direct result, the Plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for Defendant Hansen.

8th Circuit Model Jury Instruction 4.44 (modified – changed wording of last phrase of Paragraph 1st to better fit it into the failure to protect context, made that phrase into a separate element, and renumbered the succeeding elements; added "at the time of the attack" to Paragraph 3rd; added "to take reasonable actions within her power" to Paragraph 4th)

Submitted by Defendants

# INSTRUCTION NO. _____

If you find in favor of the plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find from the greater weight of the evidence that he sustained as a direct result of the violation of the plaintiff's constitutional rights. You should consider the physical pain the plaintiff has experienced; the nature and extent of the injury; and whether the injury is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

8th Circuit Model Jury Instruction 4.70 (modified – added "from the greater weight of the evidence that" in 1st paragraph; deleted inapplicable elements of damages)

Submitted by Defendants

**INSTRUCTION NO. \_\_\_\_**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instructions \_\_\_\_, \_\_\_\_, or \_\_\_\_ and if it has been proved that the conduct of that defendant as submitted in Instructions \_\_\_\_, \_\_\_\_, or \_\_\_\_ was outrageous because it was motivated by evil motive or intent or was malicious or recklessly indifferent to the plaintiff's safety needs, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction \_\_\_\_.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; and whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others.

2. How much harm the defendant's wrongful conduct caused the plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the

6

defendant for his or her wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

The amount of punitive damages, if awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

8th Circuit Model Jury Instruction 4.72 (modified – added "outrageous because it was motivated by evil motive or intent or was" in 2nd paragraph; changed "harm caused to the plaintiff" to "amount of compensatory damages you awarded" in numbered paragraph 4; added last paragraph)
*Smith v. Wade*, 461 U.S. 30 (1983)
*Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991)
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)
*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996)
*Jordon v. Clayton Brokerage Co.*, 975 F.2d 539 (8th Cir. 1992)
*Quigley v. Winter*, 598 F.3d 938 (8th Cir. 2010)
*Schaub v. VonWald*, 638 F.3d 905 (8th Cir. 2011)

Submitted by Defendants

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Michael Pritchett*
Michael Pritchett, Mo Bar No. 33848
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone:   (573)751-8864
Fax:              (573)751-9456
Email: Michael.Pritchett@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS
RUBINO, PRESTON, AND HANSEN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notice to:

James W. Schottel, Jr.
Schottel & Associates, P.C.
906 Olive Street, PH
St. Louis, MO 63101
jwsj@schotteljustice.com
Attorney for Plaintiff

/s/ *Michael Pritchett*
Assistant Attorney General