UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAUTHA V. ANDERSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-02659-AGF |
| | ) | |
| CHANTAY GODERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ADDITIONAL OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Defendants Rubino, Preston, and Hansen, through counsel, object to an additional exhibit identified in Plaintiff's Proposed Exhibit List for these reasons:

**Exhibit P-9 – Informal Resolution Request, dated 12/7/2016.**  In this document, Plaintiff is beginning the grievance process concerning his removal from administrative segregation on November 18, 2016, and an assault on him thereafter by other inmates on November 20, 2016.  Defendants' objection to this exhibit relates to Plaintiff's further remarks that he was also removed from administrative segregation against he wishes on November 27, 2016 (pp. 1 and 5-6 of the exhibit).  In this case, Plaintiff is pursuing a failure to protect claim based on an alleged prisoner assault on him on November 20, 2016, after his release from administrative segregation on November 18, 2016.  Plaintiff's current complaint (Doc. No. 6) does not include any claim relating to the November 27, 2016, removal from administrative segregation.  Therefore, these portions of the exhibit are irrelevant and should be excluded from evidence under Fed. R. Evid. 402.

1

To whatever extent the Court may conclude such evidence is relevant, it would be inadmissible under Fed. R. Evid. 403, because its probative value is substantially outweighed by its unfair prejudicial effect and likelihood of confusing the issues and misleading the jury by injecting a separate issue into the case that is unrelated to the claim made in the complaint.

Further, the portions of the exhibit reflecting events of November 27, 2016, are inadmissible under Fed. R. Evid. 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show action in conformity therewith.

Defendants acknowledge that they also have listed this Informal Resolution Request as their Defendants' Exhibit I and further that their Defendants' Exhibit L (Plaintiff's original complaint, Doc. No. 1, p. 8) includes allegations concerning Plaintiff's removal from administrative segregation on November 27, 2016.  Defendants' counsel noticed this when reviewing these exhibits today.  In the event Defendants' Exhibits I and L are offered into evidence, Defendant will redact the portions of the Exhibits concerning events of November 27, 2016.

WHEREFORE, in the event Plaintiff's Exhibit P-9, Defendants' Exhibit I, or Defendants' Exhibit L are offered into evidence, Defendants pray this Court to direct that the portions reflecting events of November 27, 2016, be redacted.

Respectfully submitted,

**ERIC S. SCHMITT**
Missouri Attorney General

/s/ *Michael Pritchett*
Michael Pritchett, Mo Bar No. 33848
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Telephone:   (573)751-8864
Fax:               (573)751-9456
Email: Michael.Pritchett@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS
RUBINO, PRESTON, AND HANSEN**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court's ECF system which sent notice to:

James W. Schottel, Jr.
Schottel & Associates, P.C.
906 Olive Street, PH
St. Louis, MO 63101
jwsj@schotteljustice.com
Attorney for Plaintiff

/s/ *Michael Pritchett*
Assistant Attorney General

3